UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD MARTIN,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br><br>            Defendant. | No. C06-684MJP<br><br>ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

This matter comes before the Court on a report and recommendation (R&R) by the Honorable Monica J. Benton, United States Magistrate Judge, on Plaintiff's appeal of a final decision by the Commissioner of the Social Security Administration denying his applications for Disability Insurance Benefits and Supplemental Security Income. The R&R recommends that the Commissioner's decision be reversed and that this matter be remanded for further administrative proceedings. Plaintiff objects to two provisions of the R&R. Having reviewed the R&R, Plaintiff's objections, Defendant's response, Plaintiff's reply, and the balance of the record, the Court ORDERS as follows:

(1) The Court ADOPTS in part the R&R. The Court declines to adopt the R&R: (a) to the extent it recommends affirming the Administrative Law Judge's (ALJ) assessment of Plaintiff's credibility (R&R at p. 11, l. 21 through p. 13, l. 23); and (b) to the extent it suggests that the ALJ

ORDER - 1

offered two legally sufficient reasons for not fully crediting the testimony of medical expert Charles Slater (id. at p. 8, l. 9 through p. 9, l. 13). The Court adopts the remaining provisions of the R&R.

(2)     This case is REMANDED for further administrative proceedings consistent with this order and with the portions of the R&R that the Court has adopted.

**Background**

Plaintiff applied for Social Security Disability Insurance Benefits and Supplemental Security Income in 2002. After a hearing in 2005, an Administrative Law Judge (ALJ) found that Plaintiff was not disabled and denied his applications. In his appeal to this Court, Plaintiff requested that the ALJ's decision be reversed and remanded for either an immediate award of benefits or for further administrative proceedings. In his opening brief on appeal, Plaintiff alleged seven errors in the ALJ's decision.

In response to Plaintiff's appellate brief, the Commissioner of the Social Security Administration acknowledged that the ALJ's decision was not free of legal error. The Commissioner argued that the case should be remanded for further administrative proceedings, rather than for an immediate award of benefits. The Commissioner's response brief did not specifically address most of the seven alleged errors claimed by Plaintiff.

Judge Benton has issued an R&R which recommends that the case be remanded for further administrative proceedings, rather than for an immediate award of benefits. Among other provisions, the R&R recommends that the Court find and order as follows:

1.     The ALJ erred in finding that the medical expert (ME) who testified at the hearing did not offer support from the record in offering his opinions. On remand, the ALJ must reevaluate the ME's opinion, fully addressing and explaining the weight accorded to the ME's opinion at "step three[1]," and if necessary, obtain supplemental testimony from the same ME.

---

[1] "Step three" refers to one of the five steps in the sequential process for evaluating whether a person is disabled. At step three, the ALJ must determine whether a claimant's impairments "meet or equal" one of a list of specific impairments described in the Social Security regulations.

ORDER - 2

2. On remand, the ALJ must properly evaluate opinion evidence from a number of medical sources that Plaintiff had a significantly limited ability to respond appropriately to supervisors.

3. On remand, the ALJ must properly evaluate opinion evidence from medical sources that Plaintiff had a significant limitation in his ability to respond appropriately to pressures in a usual work setting.

4. On remand, the ALJ must reevaluate evidence that Plaintiff had a significant restriction in his ability to perform fine manipulation (fingering).

5. On remand, the ALJ must follow Social Security Rule (SSR) 00-4p, which sets out an affirmative duty for the ALJ to ask a vocational expert whether the evidence he or she has provided is consistent with the Dictionary of Occupational Titles (DOT).

6. The ALJ erred in applying 20 C.F.R. § 404.1530 because this regulation only applies where the ALJ has made a finding that the disability criteria are satisfied.

Neither side has objected to the R&R's recommendations regarding these issues. Plaintiff also does not object to the recommendation that this case be remanded for further administrative proceedings, rather than for an immediate award of benefits.

However, Plaintiff objects to two other provisions of the R&R. First, Plaintiff objects to the R&R to the extent it recommends that the Court should affirm the ALJ's assessment of Plaintiff's credibility. Second, Plaintiff objects to the R&R to the extent it suggests that the Court should affirm two of the three reasons offered by the ALJ for not fully crediting the opinions of Dr. Slater, the medical expert who testified at the hearing.

**Analysis**

1. <u>Waiver</u>

As a preliminary matter, Plaintiff complains that the R&R recommends affirming provisions of the ALJ's decision that the Commissioner did not specifically ask the Court to affirm. Plaintiff suggests that the Commissioner has waived the right to request affirmance of those provisions. However, Plaintiff cites no legal authority to support this argument, nor has the Court located any analogous case law that would require a finding of waiver.

ORDER - 3

2.   ALJ's Assessment of Plaintiff's Credibility

The R&R recommends that the Court should affirm the ALJ's finding that Plaintiff's testimony was not entirely credible. Plaintiff argues that it would be premature for the Court to affirm this finding. Plaintiff also argues that the ALJ failed to offer sufficient reasons for the credibility findings.

The Court agrees that it would be premature to affirm the ALJ's assessment of Plaintiff's credibility. In evaluating a claimant's credibility, the ALJ "must consider the entire case record." SSR 96-7p. Here, the ALJ failed to properly evaluate all the evidence in the record, including evidence from medical expert Dr. Slater and from several other medical sources. The R&R also recommends that the ALJ be directed to obtain supplemental testimony from Dr. Slater "as necessary" on remand. Under these circumstances, it would be premature to affirm the ALJ's assessment of Plaintiff's credibility because: (1) the ALJ did not adequately consider the entire case record; and (2) the record may be supplemented on remand.

The Court also agrees with Plaintiff that the ALJ failed to offer sufficient reasons for certain findings regarding Plaintiff's credibility. An ALJ must offer "clear and convincing reasons" for rejecting a claimant's testimony unless there is affirmative evidence showing that the claimant is malingering. See Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989).

Here, the ALJ appeared to base the negative credibility finding in part on Plaintiff's failure to seek medical treatment since 2003. Unexplained or inadequately explained failure to seek treatment may constitute a legitimate reason for rejecting a claimant's testimony about his impairments. Sousa v. Callahan, 143 F.3d 1240, 1243 (9th Cir. 1998). However, there is no dispute that Plaintiff suffers from depression and other mental disorders. It is not difficult to understand why a person with mental impairments may not seek appropriate treatment. See, e.g., Blakenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989) (noting that "[a]ppellant may have failed to seek psychiatric treatment for his mental condition, but it is a questionable practice to chastise one with a mental impairment for the

ORDER - 4

exercise of poor judgment in seeking rehabilitation."). Social Security rules also require an ALJ to consider reasons why a claimant may have failed to seek treatment. SSR 96-7p provides:

> [T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

Therefore, on remand the ALJ should consider whether Plaintiff's mental impairments may explain his failure to seek medical treatment.

      The ALJ also appeared to base his credibility findings in part on the fact that Plaintiff "testified that he does small loads of laundry, vacuums his room, grocery shops and sees friends or family, he doesn't live with, daily, but later asserted he stays alone in a darkened room." (Tr. at 22). At the hearing, Plaintiff testified on these issues as follows:

Q: [Do you do] Any laundry?

A: I try, only small loads.

\* \* \*

Q: Do you do any, any cleaning?

A: I vacuum my, my room, a very small space.

Q: Do you do your own grocery shopping?

A: I do it periodically, and sometimes I have to have somebody help me.

\* \* \*

Q: Do you have any family or friends that you visit or who come to visit you?

A: Yeah. All my family always came to visit me.

Q: How often do you see family or friends?

A: On a regular basis.

Q: How often, once a week, once a month, once a year, two times a day?

A: Well, it's pretty much every day, all day, they're always checking on me.

ORDER - 5

Q: And how much time do you spend with them, with your family when you see them?

A: I try to keep it short, and I don't like, try to get them too involved with me, probably about 20 minutes is the longest I've ever spent with my own mother.

Q: And what about friends, how often do you see friends?

A: Probably once a month sometimes.

Q: And how much, how much time do you spend with friends when you see friends?

A: About 15, 20 minutes, shoo them out the door.

(Tr. at 303-05.)

Plaintiff's testimony about secluding himself in a "darkened room" was as follows:

A: . . . I . . . seclude myself from everybody, and every time I do fall asleep and I wake up, I just can't wait for the day I die to be rid of it all.

* * *

Q: Anything else?

A: I stay in a very, very dark room, I don't let any light in.

(Tr. at 310-11.)  Plaintiff's testimony regarding his activities outside his room – short visits with family or friends, doing small loads of laundry and grocery shopping – is not inconsistent with his testimony that he secludes himself and stays in a very dark room.  Plaintiff did not assert that he <u>never</u> leaves his room.  As a result, Plaintiff's testimony regarding these matters do not constitute a sufficient reason for rejecting his testimony.

Therefore, the Court declines to adopt the R&R to the extent it recommends that the Court affirm the ALJ's assessment of Plaintiff's credibility.  This portion of the R&R runs from page 11, line 21 through page 13, line 23.  On remand, the ALJ shall reevaluate Plaintiff's credibility in light of the entire case record, including any supplemental testimony by Dr. Slater.

3.     <u>Dr. Slater's Opinions</u>

The ALJ did not fully credit the opinions of Dr. Slater, the medical expert (ME) who testified at the hearing.  The ALJ offered three reasons why he did not fully credit Dr. Slater's testimony: (1)

ORDER - 6

the ME "did not offer support from the record"; (2) the record "does not reflect a 'a long history' of psychiatric symptoms"; and (3) the ME "clearly relied on the claimant's testimony at the hearing and his subjective statements recorded in the consultative examination report, both of which are unreliable because of the claimant's lack of credibility."

The R&R recommends that the Court should find that the ALJ's first reason for rejecting Dr. Slater's opinion was not legally sufficient and direct the ALJ to reevaluate Dr. Slater's testimony on remand. Neither side objects to this recommendation. However, the R&R also suggests that the other two reasons offered by the ALJ for rejecting Dr. Slater's opinion "appear to be legally sufficient." Plaintiff objects to the R&R to the extent it suggests that the Court should affirm these two reasons for rejecting Dr. Slater's opinion.

The Court agrees with Plaintiff that neither of these reasons should be affirmed at this point. One of the ALJ's reasons for rejecting Dr. Slater's opinion was that the record did "not reflect 'a long history' of psychiatric symptoms." However, Dr. Slater did not testify that the record contained a "long history of psychiatric symptoms." Instead, Dr. Slater testified that "the record is [a] long history of, you know, anger, and rage, and . . . unwillingness to start to examine that [and] work on that in a mental health setting." (Tr. at 322). This observation finds support in the record (see, e.g., Tr. at 241-45) and reflects Plaintiff's unwillingness to seek treatment on mental health issues. As noted earlier, it is a "questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Blakenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)

The ALJ also found that Dr. Slater's opinion should not be fully credited because his opinion relied on Plaintiff's testimony and subjective statements, which the ALJ did not find to be credible. However, as discussed above, the Court is directing the ALJ on remand to reevaluate Plaintiff's credibility in light of the entire record. As a result, it would be premature to affirm this reason for rejecting Dr. Slater's opinion.

ORDER - 7

1   Therefore, the Court declines to adopt the R&R to the extent it may recommend affirming two
2   of the ALJ's reasons for rejecting Dr. Slater's testimony. This portion of the R&R runs from page 8,
3   line 9 through page 9, line 13.

**Conclusion**

5   For the reasons stated above, the Court ADOPTS in part the R&R. The Court declines to
6   adopt the R&R: (1) to the extent it recommends affirming the ALJ's assessment of Plaintiff's
7   credibility; and (2) to the extent it suggests that the ALJ offered two legally sufficient reasons for not
8   fully crediting the testimony of Dr. Slater. The Court adopts the remaining provisions of the R&R.
9   This case is REMANDED for further administrative proceedings consistent with this order and with
10  the portions of the R&R that the Court has adopted.

11  The Clerk is directed to send copies of this order to all counsel of record and to the Honorable
12  Monica J. Benton.

13  Dated: July 24, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 8